Stephen M. WILSON, BRW Engineering Ltd., Wis Partners L.P., Moshe Bar–Lev, Patrick Rosenbaum, Michael Morris, Haim Yifrah, Top Down Partners, LLC, Joel Levine, Morris Talansky, Abraham Moshel, Magma International Services, Ltd., Albert Reichmann, Polybutes Company, Hexagram International Limited, Plaintiffs–Appellants,

v.

Shimon ECKHAUS, Michael Federmann, Joseph Ackerman, Joseph Gasper, Gino Piperno–Beer, David Arzi, Yoav Chelouche, Yehoshua Eldar, Israel Aerospace Industries Ltd., Elbit Systems Electro–Optics Elop Ltd., ImageSat International N.V., Elbit Systems Ltd., Moshe Keret, Izhak Nissan, Jacob Weiss, Estate of Jacob Toren, Defendants–Appellees,

Menashe Broder and James DePalma, Defendants,

Harbinger International Holdings S.A., Intervenor–Plaintiff–Appellant.

Nos. 08–3751–cv (L), 08–4116–cv (con).

United States Court of Appeals, Second Circuit.

Oct. 21, 2009.

Ira Brad Matetsky, Ganfer & Shore, LLP (William A. Jaskola, on the brief), New York, NY, for Stephen M. Wilson, BRW Engineering Ltd., Wis Partners L.P., Moshe Bar–Lev, Patrick Rosenbaum, Michael Morris, Haim Yifrah, Top Down Partners, LLC, Joel Levine, Morris Talansky, Abraham Moshel, Magma International Services, Ltd., Albert Reichmann, Polybutes Company, Hexagram International Limited.

Shira Y. Rosenfeld, Rosenfeld Law, PLLC, New York, NY, for Harbinger International Holdings S.A.

Sander Bak, Milbank, Tweed, Hadley & McCloy LLP (Atara Miller, on the brief), New York, NY, for ImageSat International N. V., Moshe Keret, Izhak Nissan, Jacob Weiss, Shimon Eckhaus, Gino Piperno–Beer, David Arzi, & Yoav Chelouche.

Eric S. Goldstein, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Jonathan H. Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Stephen Wagner, Sari E. Kolatch, Cohen Tauber Spievack & Wagner LLP, on the brief), New York, NY, for Israel Aerospace Industries Ltd. and Yehoshua Eldar.

Simon Miller, Greenberg Traurig LLP, New York, NY, for Elbit Systems Ltd., Michael Federman, Estate of Jacob Toren, Joseph Ackerman, and Joseph Gaspar.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI and REENA RAGGI, Circuit Judges.

### AMENDED SUMMARY ORDER

Plaintiffs appeal from the dismissal of their complaint on the ground of *forum non conveniens*. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Toward that end, we note that defendant ImageSat is in the business of commercializing Israeli military earth observation satellite technology. Its two largest shareholders are Israeli, one of which, IAI, is wholly owned by the Israeli government. The core of plaintiffs' complaint is that ImageSat pursued the interests of the two defendant shareholders, and subordinated the company's interests to those of the Israeli government, to the detriment of the plaintiff investors. Plaintiffs do not challenge the district court's conclusion that there is a "strong nexus between plaintiffs' claims and Israel."

*Forum non conveniens* analysis follows the three-step inquiry set forth in *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73–74 (2d Cir.2001) (*en banc*). "At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether

the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court must balance the private and public interests implicated in the choice of forum." *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Techs. Corp.,* 274 F.3d at 73–74) (internal citations omitted). We review the district court's application of these factors deferentially for abuse of discretion, *id.,* and we conclude that the district court acted within its discretion in this case.

### 1. Step One of the Iragorri Three–Step Inquiry

At the first step of analysis, and after careful consideration of the range of factors identified as relevant in *Iragorri v. United Techs. Corp.,* 274 F.3d at 72, the district court concluded that plaintiffs' choice of a New York forum was entitled to "some deference." *Wilson v. ImageSat Int'l N.V.,* No. 07–cv–6176, 2008 WL 2851511, at *5 (S.D.N.Y. July 22, 2008). Plaintiffs assert that their choice warranted *full* deference because (1) six of the fifteen plaintiffs are United States citizens or residents, (2) defendants are probably amenable to suit in the Southern District, (3) defendants have access to legal counsel in the forum, and (4) certain agreements between the parties identify New York as the appropriate forum for disputes arising thereunder. We are not persuaded.

The district court appropriately considered each plaintiff's connection to the New York forum, reducing the overall deference accorded on the ground that less than half of the plaintiffs are United States residents. *See Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d at 154 (recognizing that degree of deference accorded plaintiff's choice of forum moves on a "sliding scale" correlated with "degree of convenience" choice reflects). The district court assumed that defendants are proba-

bly amenable to suit and have legal counsel in the New York forum. Nevertheless, it found that "the most pertinent documentary and testimonial evidence exists in Israel," *Wilson v. ImageSat Int'l N.V.,* 2008 WL 2851511, at *4, a determination not challenged by plaintiffs. Further, the district court determined that plaintiffs had sought a favorable forum by filing suit in the Southern District because the forum would (1) permit them to sue for treble damages under RICO, which would heighten the pressure on defendants to settle; (2) be less convenient and more expensive for defendants; and (3) be less favorable to defendants than Israel. *Id.* at *5.

Plaintiffs do not challenge these findings individually. Instead, they fault the district court for overlooking provisions in certain agreements between the parties identifying New York as the appropriate forum and waiving defendants' ability to raise a *forum non conveniens* objection. Specifically, plaintiffs assert that the district court failed to acknowledge their claim arising from defendants' failure to appoint independent members to ImageSat's board in violation of the 2000 Securityholders Agreement, which contains a New York choice-of-law provision. This is incorrect. Although plaintiffs' complaint identifies defendants' apparent duty to appoint independent directors, *see* Compl. ¶ 190, the alleged breach of this duty does not form the basis of any of plaintiffs' twenty-two claims or account for any portion of the more than $5 billion in demanded damages.

Because we discern no error in the district court's conclusion that the identified choice-of-law provisions are inapplicable, we agree that those provisions should have no effect on the court's *forum non conveniens* analysis. Taking all the pertinent step-one factors together, we identify no abuse of discretion in the district court's

determination that plaintiffs' choice of forum should be accorded "some" rather than "full" deference.

## 2. Step Three

Because plaintiffs do not challenge the district court's step-two determination that Israel is an adequate alternative forum, we consider its step-three balancing of the private interest factors and the public interest factors "to ascertain whether the case should be adjudicated in the plaintiff's chosen forum or in the alternative forum proposed by the defendant." *Iragorri v. United Techs. Corp.*, 274 F.3d at 73–74 (describing private and public interest factors).

### A. Private Interests

Plaintiffs challenge the district court's determination that the private interests strongly favor dismissal, arguing that (1) witnesses and documents are available in their chosen forum, (2) unavailable witnesses can provide testimony by letters rogatory, (3) neither treble damages under RICO nor punitive damages are available in Israel, (4) plaintiffs "might" have to pay a filing fee of 2.5% in Israel, (5) plaintiffs' counsel in New York is already familiar with the case, and (6) defendants are better able to bear the cost of litigating in the Southern District because their litigation expenses are borne by insurance or indemnified by their company. We are not convinced.

Plaintiffs do not challenge as clearly erroneous the district court's conclusion that "the most pertinent documentary and testimonial evidence exists in Israel." *Wilson*

*v. ImageSat Int'l N.V.*, No. 07–cv–6176, 2008 WL 2851511, at *4. In light of that finding, the fact that other, less pertinent witnesses and documents are located in New York, or that the "most pertinent" witnesses could submit testimony by letters rogatory, is no basis for concluding that the district court abused its discretion. As to plaintiffs' other arguments, even assuming *arguendo* their relevance, they are not so weighty as to manifest that the district court abused its discretion in concluding that the totality of the private interests favor dismissal.

### B. Public Interests

Although plaintiffs raise a host of challenges to the district court's assessment of the public interests implicated by plaintiffs claims, none undermines the district court's conclusion that Israel has a far stronger interest in this litigation than does plaintiffs' chosen forum. The district court acted within its discretion in determining that, among other factors, the relationship between defendants and the Israeli government and plaintiffs' allegations concerning the Israeli military and Israeli foreign policy counsel in favor of a *forum non conveniens* dismissal. This conclusion is reinforced by the letter submitted by Israel's Ministry of Defense, which explains that the complaint raises claims related to Israel's national security and other governmental interests.[1]

We have considered all of the plaintiffs' remaining arguments and conclude that

---

**1.** After defendants submitted this letter to the district court with their reply brief, the court allowed plaintiffs an opportunity to file a sur-reply. The district court ultimately declined to rely on the letter, however, noting that defendants' motion to dismiss would be granted in any event. *See Wilson v. ImageSat Int'l N.V.*, 2008 WL 2851511, at *7 n. 10. Never- theless, because the parties fully briefed the effect of the letter on defendants' motion to dismiss, we may consider it. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418–19 (2d Cir.2001) ("[W]e have discretion to consider issues that were raised, briefed, and argued in the District Court, but that were not reached there.").

they lack merit. Accordingly, the district court's July 25, 2008 order is AFFIRMED.